GARRISON, Judge.
The defendant, Jerry Chapman, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. A jury found the defendant guilty as charged and the judge sentenced him to life imprisonment without benefit of parole, probation or suspension of sentence. Defendant appeals.
On February 28, 1985, at approximately 11:30 a.m., Timothy Carruth was shot to death on the corner of Washington Avenue and Willow Street. Carruth was holding a conversation with a friend and his uncle, Wayne Bratsfield, when the defendant approached them and fired several shots including the fatal shot at Carruth. After this, Bratsfield obtained a gun from someone in the area and fired at Chapman, injuring him in the foot. Chapman and Bratsfield both fled from the scene. Car-ruth’s girlfriend, Tammy Polk, witnessed the murder and identified Chapman as the perpetrator. According to testimony at trial, the victim, defendant and Bratsfield were drug dealers and this shooting apparently was the result of an earlier dispute as to which drug dealer would control the Washington Avenue/Willow Street corner.
During the evening following the Car-ruth murder, a man named Willie Hum-phries was murdered at the same location. Bratsfield, a witness to Carruth’s murder, was indicted as the perpetrator of that murder.
The defendant claims that Bratsfield murdered both Carruth and Humphries. According to the defendant, Bratsfield killed Carruth because of the previously mentioned disagreement over the details of the drug dealing arrangement.
In an attempt to prove his innocence, the defendant filed a pre-trial motion for scientific examination of the evidence requesting the court to order a ballistics test to determine if the bullets retrieved from Car-ruth’s body were fired from the same gun as: 1) the bullet found on the street after the Humphries murder or 2) the bullet seized from Chapman’s foot. The trial judge denied that motion stating as follows:
“Denied because the defendant has made no showing that he has any specific reason to believe that the requested tests could result in a finding that the bullets were fired from the same gun.”
On appeal, the defense argues that the trial judge erred in denying his motion for scientific examination. According to the defendant, the denial of this motion amounted to a denial of his right to due process and his right to present a defense as guaranteed by Article I, Section 16 of the Louisiana Constitution. The defendant states on appeal that his pre-trial motion requested that a ballistics test be ordered to determine if the bullets retrieved from Carruth’s body matched the bullets allegedly retrieved from Humphries’ body. However, the pre-trial motion did not request a comparison of the bullets retrieved from both victims; it only asked that the bullet found on the street after the second murder be compared to bullets retrieved in connection with the first murder. Therefore, in determining whether or not the trial court erred in denying defendant’s motion, this Court will only consider what was actually moved for by the defendant.
In State v. Prestridge, 399 So.2d 564 (La. 1981), the Louisiana Supreme Court recognized that the state should supply funds upon a showing by the defense that the indigent accused is unable to obtain existing evidence crucial to the accused. State v. Madison, 345 So.2d 485 (La.1977). Furthermore, the court stated that when the issue is considered on review, the question becomes whether the denial of funds has substantially prejudiced the defendant at the trial. The burden of proof is on the defendant.
A review of the record in this matter indicates that the defendant failed to prove that the trial court’s denial of his motion for scientific examination substantially prejudiced his rights at trial.
Defendant’s first request for the comparison of the bullets found in Car-ruth’s body and the bullet recovered from the street corner after Humphries’ murder was not shown to be crucial to defendant’s defense. Even if the bullets matched, this *172 would not prove defendant’s innocence in the Carruth murder because no gun was ever recovered in connection with that murder. Matching bullets could have come from defendant’s gun or from Bratsfield’s gun. Furthermore, the bullet recovered on the street after the Humphries’ murder could very well have been a bullet fired at Carruth which missed.
The other comparison requested by defendant was the bullet found on the street corner after the second murder and the bullet recovered from Chapman’s foot. According to defendant, if these bullets matched, this would prove that Bratsfield had killed Carruth since he shot Chapman. The record does not show that Bratsfield’s gun was ever recovered or that a bullet was retrieved from Chapman’s foot. The only ballistics evidence offered at trial was the three bullets recovered from Carruth’s body. Furthermore, in light of the fact that an eyewitness to the murder named the defendant as the perpetrator, the denial of defendant’s motion for scientific examination did not prejudice his defense. None of his requested tests could have determined conclusively that Bratsfield, not the defendant, killed Carruth. The trial court correctly denied defendant’s motion for scientific examination.
Therefore, we affirm the defendant’s conviction and sentence.
AFFIRMED.